# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1727 PA (PVC) | Date | February 26, 2020 |
|---|---|---|---|
| Title | Christopher Wiley v. Law Offices of Steers & Associates, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Elena Steers and the Law Offices of Steers & Associates ("Defendants") filed on February 24, 2020. Plaintiff Christopher Wiley's ("Plaintiff") Complaint and First Amended Complaint allege claims for breach of contract and professional negligence against Defendants arising out of legal work Defendants performed for Plaintiff involving the filing and prosecution of a bankruptcy petition on Plaintiff's behalf. Defendants allege that this Court has subject matter jurisdiction on the basis the Court's federal question jurisdiction. 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1727 PA (PVC) | Date | February 26, 2020 |
|---|---|---|---|
| Title | Christopher Wiley v. Law Offices of Steers & Associates, et al. | | |

claim preempted by federal law.  <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the operative First Amended Complaint contains only two state law claims for breach of contract and professional negligence.  No federal claim is alleged.  In support of their assertion that this Court possesses federal question jurisdiction, Defendants allege that this action "will involve multiple bankruptcy actions filed by the plaintiff, the application of various bankruptcy code provisions to plaintiff's circumstances and the standard of care of bankruptcy counsel."  (Notice of Removal ¶ 1.)  The Notice of Removal further alleges that this Court "has federal subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 because the claim arises 'under the Constitution, laws or treaties of the United States.'"  (<u>Id.</u> at ¶ 3.)  The Notice of Removal's vague references to "various bankruptcy code provisions" do not constitute a basis for removal.  Neither a federal defense nor an actual or anticipated federal counterclaim form a basis for removal.  <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).  A bare allegation of jurisdiction, without more, in insufficient to defeat the "strong presumption" against removal.  <u>Gaus</u>, 980 F.2d at 567.  Moreover, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint.  <u>See, e.g.</u>, <u>Tishau Partners v. Miles</u>, 2010 U.S. Dist. LEXIS 37948, at *3 (N.D. Cal. Mar. 24, 2010); <u>Yangming Marine Transport Corp. v. Electri-Flex Co.</u>, 682 F. Supp. 368, 370 (N.D. Ill. 1987).

The Supreme Court has cautioned that even where a legal malpractice claim requires analysis of questions of federal law, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue . . . ."  <u>Gunn v. Minton</u>, 568 U.S. 251, 260, 133 S. Ct. 1059, 1066, 185 L. Ed. 2d 72 (2013) (holding that a legal malpractice action regarding a prior patent action did not raise a substantial federal issue that conferred subject matter jurisdiction).  <u>See id.</u> at 261, 133 S. Ct. at 1066-67, 185 L. Ed. 2d 72 ("Because of the backward-looking nature of a legal malpractice claim, the question is posed in a merely hypothetical sense . . . .").  Here, as other Courts within the Central District have concluded, the mere fact that Plaintiff's state law legal malpractice and breach of contract claims arise out of bankruptcy proceedings does not transform those claims into federal claims for purposes of 28 U.S.C. § 1331.  <u>See</u> <u>Reder v. A.O.E. Law & Associates, Inc.</u>, CV 18-4735 MWF (KSx), 2018 WL 3425020, at *3 (C.D. Cal. July 13, 2018) ("The fact is that the federal issues to be decided in this action are entirely hypothetical, and only affect liability as to the legal malpractice cause of action.  This is not an appeal from the underlying bankruptcy action. . . . [W]hile the success of Plaintiff's state-law claims may depend on the consideration of questions of federal bankruptcy law, any such

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1727 PA (PVC) | Date | February 26, 2020 |
|---|---|---|---|
| Title | Christopher Wiley v. Law Offices of Steers & Associates, et al. | | |

consideration will not actually impact the bankruptcy action, nor will it have any precedential value to bankruptcy law in general. Consequently, the federal issues are not substantial enough to confer jurisdiction on this Court."); Ross v. Yaspan, CV 12-7048 DDP (FFMx), 2013 WL 3448725, at *2 (C.D. Cal. July 9, 2013).

      The Court therefore concludes that Plaintiff's claims do not "arise under" federal law and that the Court therefore lacks federal question subject matter jurisdiction over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Van Nuys Courthouse, Case No. 19VECV00863. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.